# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA STROYEK | : CIVIL ACTION |
| v. | : |
| WAL-MART STORES, INCORPORATED, WAL-MART STORES EAST, LP and WAL-MART STORE # 2365 | : NO. 18-1453 |

## MEMORANDUM OPINION

**Savage, J.**                                                                                          July 10, 2018

After removing this trip-and-fall personal injury action from the Philadelphia Court of Common Pleas, defendant Walmart has moved to transfer it to the Middle District of Pennsylvania, where the incident occurred. Patricia Stroyek alleges she tripped on uneven pavement while shopping at the Walmart store number 2365, located in Mount Pocono, Pennsylvania, injuring her right knee, right hand, and left ankle.[1] Balancing the private and public interest factors of convenience and fairness weighs against transfer. Therefore, we shall deny the motion.

A defendant moving for transfer of venue bears the burden of demonstrating that (1) the case could have been brought initially in the proposed transferee forum; (2) the proposed transfer will be more convenient for the parties and witnesses; and (3) the proposed transfer will be in the interest of justice. 28 U.S.C. § 1404(a); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).

---

[1] Mot. to Transfer Venue, Ex. A, Am. Compl., No. 171103014 (Phila. Cty. C.P. Ct. Nov. 30, 2017) (Doc. No. 14-2) ¶¶ 4–6, 11, 13; Resp. in Opp'n (Doc. No. 15-2) at 1.

Stroyek could have brought her action in the Middle District. She was injured in Mount Pocono in Monroe County, which is in the Middle District. *See* 28 U.S.C. § 118(b). Thus, because a substantial part of the events giving rise to her claim took place there, the Middle District is a proper venue. *See* 28 U.S.C. § 1391(b)(2).

Once the defendant establishes that the action could have been brought in the proposed district, the court must weigh several private and public interest factors to determine whether the balance of convenience tips in favor of transfer. *Jumara*, 55 F.3d at 879–80. Among the factors considered when determining whether transfer is more convenient for the parties and in the interest of justice are: (1) the plaintiff's choice of forum; (2) the defendant's preferred forum; (3) the place where the claim arose; (4) the relative ease of access to the sources of proof; (5) the convenience of the parties as demonstrated by relative financial status and physical location; (6) the availability of compulsory process for the attendance of witnesses; (7) the convenience of the witnesses; (8) the practical problems that make trial of a case expensive and inefficient; and, (9) "public interest" factors, such as congestion of court dockets and the relationship of the jury and the community to the underlying district. *Id.* Depending on the nature and facts of the case, these factors may overlap and are intertwined.

Because the analysis involved is "flexible and individualized," the court has broad discretion in deciding a motion for transfer of venue. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Despite this wide latitude, a transfer motion is not to be granted without a careful weighing of factors favoring and disfavoring transfer. *See Shutte*, 431 F.2d at 24–25.

## Analysis

### Plaintiff's Choice of Forum

The plaintiff's choice of forum typically receives "paramount consideration." *Shutte*, 431 F.2d at 25; *see also Jumara*, 55 F.3d at 879 (observing that plaintiff's choice of venue "should not be lightly disturbed" (citation omitted)). Stroyek resides here. Her preference of her "home forum, in particular, is 'entitled to greater deference.'" *Krist v. Scholastic, Inc.*, 253 F. Supp. 3d 804, 808 (E.D. Pa. 2017) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 255 (1981)). In balancing the other interests, we shall give strong deference to her choice.

### Defendant's Preferred Forum

By moving for transfer, Walmart has demonstrated its preference for the Middle District of Pennsylvania. Its store where Stroyek was injured is there. It also argues its witnesses work in Monroe County. Thus, the defendant's choice of forum, standing alone, favors transfer.

### Place Where the Claim Arose

Where the claim arose implicates other factors in the analysis. It involves questions of access to proof, choice of law, convenience of the parties and the witnesses, availability of witnesses and efficiency concerns. Hence, determining the place where the claim arose will inform the evaluation of these other factors.

Stroyek's claim arose in the Middle District of Pennsylvania. The incident occurred there.

*Relative Ease of Access to the Sources of Proof*

The majority of the witnesses having information regarding what and how the incident occurred, including three Walmart employees, live and work in the Middle District of Pennsylvania.[2] Specifically, assistant manager Terrence McCann and pharmacy associate Elizabeth Horne, who both responded to the incident, and co-manager Michael Murphy, who Walmart "anticipates" will serve as its corporate representative under Rule 30(b)(6), work full-time in Mount Pocono.[3]

Stroyek questions why Walmart has suddenly identified these witnesses who were not originally identified as eyewitnesses to her fall. Walmart, in its answers to interrogatories, represented that it "is unaware of any witnesses to the accident at this time."[4] But, that response does not contradict Walmart's identifying potential witnesses. It does not contend they were eyewitnesses.

Stroyek's treating physicians are located in Montgomery, Philadelphia, and Delaware Counties in the Eastern District, and in Camden County, New Jersey, across the river from Philadelphia. Her medical records and the witnesses who will testify regarding her treatment are in this district and in New Jersey.

Walmart's records regarding the accident and any investigation are likely stored on location at the Mount Pocono store in the Middle District. However, as a large corporation with stores nationwide, including in both districts, it is also likely that any

---

[2] Although Walmart points out that its witnesses all work at the Mount Pocono store where Stroyek fell, the filings do not reveal where these individuals reside. Thus, for purposes of this analysis, we discuss the ease of access to these witnesses based on where they work, not where they live.

[3] Mot. to Transfer Venue at 7. It is difficult to discern how the night co-manager could possibly serve as Walmart's Rule 30(b)(6) witness.

[4] Resp. in Opp'n at 4 (quoting Resp. Ex. A, Interrogatory No. 48).

related records are stored electronically and easily accessed from either district. Without considering the relative financial status of the parties, this factor is neutral.

*The Convenience of the Parties*

Stroyek, who currently resides in Jenkintown, Pennsylvania, contends she will be inconvenienced if the case is tried in the Middle District. She argues that Philadelphia is more convenient because it is much closer to her and her witnesses, including her treating physicians and expert witnesses. It will be more costly and inconvenient for her to try the case in Scranton.

Walmart counters that trying the case in the Eastern District will require its employee-witnesses to travel to Philadelphia. Standing alone, this consideration does not tip the scale significantly. It is more inconvenient for Stroyek, an individual, than it is for Walmart, a corporation with more resources, to travel to another district for trial. Thus, this factor weighs against transfer.

*Compulsory Process for the Attendance of Witnesses*

Walmart's witnesses, who work in Mount Pocono, Pennsylvania, will be required to travel more than 100 miles if the case is tried in the Eastern District. *See* Fed. R. Civ. P. 45(c)(1)(A). The Walmart in Mount Pocono is 110 miles from this courthouse in the Eastern District, whereas the store is 31.7 miles from the Scranton courthouse in the Middle District.[5] However, many of Stroyek's medical providers who will testify regarding the cause of her injuries, her diagnosis, and prognosis are in the Eastern District.

---

[5] The Walmart in Mount Pocono is located at 3271 Route 940, Mount Pocono, Pennsylvania 18344. Am. Compl. ¶ 4.

5

We cannot see why any of the witnesses would need to be compelled to appear. Thus, this factor is neutral.

*The Convenience of the Witnesses*

The convenience of non-party witnesses is a "particularly significant factor" that weighs heavily in the analysis. *Family Fin. Ctrs. v. Cox*, No. 14-5330, 2015 WL 790038, at *7 (E.D. Pa. Feb. 25, 2015) (citations omitted). The Walmart witnesses are located in the Middle District, a more convenient forum for them. On the other hand, several of Stroyek's potential witnesses, including her treating physicians, are located here in the Eastern District. The Eastern District is more convenient for them than the Middle District. Witnesses located more than 100 miles from the trial location can easily testify by videotape deposition if they do not wish to travel to court. *See* Fed. R. Civ. P. 32(a)(4).

By itself, this factor is neutral.

*Practical Problems that Make Trial of a Case Expensive and Inefficient*

There will be some inconvenience to the parties and witnesses regardless of where the action is tried. But, trying this case in the Middle District will be more expensive and less efficient than resolving the case here. Stroyek, an individual, will incur greater expense if her case is transferred than Walmart will incur if the case remains in the Eastern District. As a large corporation, Walmart possesses greater financial resources and more personnel to defend the claims against it. It has a greater ability to absorb travel costs than Stroyek. Thus, this factor disfavors transfer.

*Public Interest Factors*

Trial in either district will impose jury service upon citizens of a district who have a connection to the dispute. On one hand, the connection to this district is that the defendant conducts business here and Stroyek is from here. On the other hand, a Middle District jury has an interest in the resolution of the dispute that arose there. That is where the incident occurred.

The relative congestion of the court dockets leans against transfer. The Middle District's docket is more congested. As of March 31, 2018, the Middle District had an average of 663 pending cases per judgeship.[6] The Eastern District had an average of 336 pending cases per judgeship.[7] There are four vacancies in the Eastern District and none in the Middle District.[8] Further, the time from filing to disposition of a civil case is longer in the Middle District than it is in the Eastern District.[9] Hence, from a public policy standpoint, transfer is not favored.

## Conclusion

Balancing the private and public interest factors of convenience and fairness disfavors transfer. Therefore, in the interest of justice, we shall deny the motion to transfer venue.

---

[6] *See* Table, *U.S. District Courts Combined Civil and Criminal Federal Court Management Statistics (March 31, 2018)* at 3, *available at* http://www.uscourts.gov/statistics/table/na/federal-court-management-statistics/2015/06/30-1 (last visited July 9, 2018).

[7] *Id.*

[8] *Current Judicial Vacancies*, http://www.uscourts.gov/judges-judgeships/judicial-vacancies/current-judicial-vacancies (last updated July 9, 2018).

[9] *See* Table, *supra* note 6.